No. 24-20174

---

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

TISHA PALMS,

Plaintiff-Appellant

v.

TEXAS CHILDREN'S HOSPITAL

Defendant-Appellee

---

On Appeal from the
United States District Court
for the Southern District of Texas
District Court Case No. 4:22-CV-03992

---

**APPELLEE'S RESPONSE TO PETITION FOR REHEARING EN BANC**

---

Nehal S. Anand
Texas Bar No. 24070600
nanand@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:  713.951.9400
Facsimile:  713.951.9212

**ATTORNEY FOR APPELLEE
TEXAS CHILDREN'S HOSPITAL**

No. 24-20174

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

TISHA PALMS,

Plaintiff-Appellant

v.

TEXAS CHILDREN'S HOSPITAL

Defendant-Appellee

On Appeal from the
United States District Court
for the Southern District of Texas
District Court Case No. 4:22-CV-03992

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

**Plaintiff-Appellant**
Tisha Palms

**Counsel for Plaintiff-Appellant**
Jared R. Woodfill
WOODFILL LAW FIRM, P.C.
3 Riverway, Suite 750
Houston, Texas 77056

i

Andrew L. Schlafly
939 Old Chester Rd
Far Hills, NJ 07931

**Defendant-Appellee**
Texas Children's Hospital

**Counsel for Defendant-Appellee**
Nehal S. Anand
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010

*/s/ Nehal S. Anand*
Nehal S. Anand

*Attorney of Record for Defendant-Appellee Texas Children's Hospital*

# **TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION .................................................................................................1

BACKGROUND ..................................................................................................3

I.      The Undisputed Facts. .............................................................................3
II.     The District Court's Decision...................................................................5
III.    The Panel's Decision. ..............................................................................6
IV.     The Dissenting Opinion............................................................................6

ARGUMENT .......................................................................................................7

I.      The Panel Majority Correctly Concluded That Palms Forfeited Her Failure-To-Accommodate Claim. ...............................................................................7

        A.      An appellant forfeits a claim by failing to discuss errors in the district court's reasoning or cite supporting legal authority.............................7
        B.      Palms' appeal brief presented no supporting legal authority or analysis of such authority and no explanation of error in the district court's reasoning. ...............................................................................8
        C.      Palms' petition does not—and cannot—remedy her deficient briefing on appeal............................................................................................10

II.     The Petition and Dissent Raise the Specter of Conflicts That Simply Do Not Exist. .......................................................................................................11

        A.      The majority opinion does not conflict with *Muldrow*. ......................11
        B.      The majority opinion did not discuss the relevance of an employee's past inconsistent actions, raising no conflict with *Moussazadeh*........12
        C.      The majority opinion neither questioned nor addressed the sincerity of Palms' religious beliefs. ...................................................................14
        D.      The majority opinion states no holding whatsoever regarding the adequacy of an accommodation request. ...........................................15

CONCLUSION ..................................................................................................17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*,
 813 F.2d 744 (5th Cir. 1987) ......................................................................7

*Campbell v. Coppell Indep. Sch. Dist.*,
 No. 24-10318, 2025 WL 384410 (5th Cir. Feb. 4, 2025)...............................7, 9

*Chambers v. Sears Roebuck & Co.*,
 428 F. App'x 400 (5th Cir. 2011) ......................................................................11

*Dodson v. Nichols*,
 No. 23-30793, 2024 WL 4648157 (5th Cir. Nov. 1, 2024)..................................8

*Gonzalez v. CoreCivic, Inc.*,
 986 F.3d 536 (5th Cir. 2021) ......................................................................11

*Int'l Soc. for Krishna Consciousness, Inc. v. Barber*,
 650 F.2d 430 (2nd Cir. 1981) ......................................................................13

*JTB Tools & Oilfield Servs., L.L.C. v. United States*,
 831 F.3d 597 (5th Cir. 2016) ......................................................................7

*Moussazadeh v. Texas Department of Criminal Justice*,
 703 F.3d 781 (5th Cir. 2012) ......................................1, 2, 12, 13, 14, 16

*Muldrow v. City of St. Louis*,
 601 U.S. 346 (2024)......................................................................1, 11, 12

*Outley v. Luke & Assocs., Inc.*,
 840 F.3d 212 (5th Cir. 2016) ......................................................................11

*Palms v. Texas Children's Hosp., Inc.*,
 No. 24-20174, 2025 WL 2304451 (5th Cir. Aug. 11, 2025) (per
 curiam) ......................................................................*passim*

*Rakhshandeh v. Texas Tech Univ.*,
 No. 23-10201, 2023 WL 5610163 (5th Cir. Aug. 30, 2023)..............................10

*Rollins v. Home Depot USA, Inc.*,
  8 F.4th 393 (5th Cir. 2021) ..................................................................7

*Sibley v. Touro LCMC Health*,
  No. 24-30189, 2024 WL 5118489 (5th Cir. Dec. 16, 2024) ..............2, 15, 16, 17

*United States v. Sineneng-Smith*,
  590 U.S. 371 (2020)...........................................................................10

*United States v. Thibodeaux*,
  211 F.3d 910 (5th Cir. 2000) ...............................................................7

*E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y
  Alcantarillados de P.R.*,
  279 F.3d 49 (1st Cir. 2002)...................................................................13

*United Nat. Foods, Inc. v. NLRB*,
  138 F.4th 937 (5th Cir. 2025) .............................................................10

*Wright v. Honeywell International, Inc.*,
  No. 24-30667, 2025 WL 2218131 (5th Cir. Aug. 5, 2025)...............2, 15, 16, 17

**Other Authorities**

Fed. R. App. P. 28(a)(8)(A)........................................................................8

## INTRODUCTION

Tisha Palms seeks en banc review of a panel decision that relied solely on a straightforward application of this Court's doctrine of procedural forfeiture. The majority opinion states no new rules, principles, or analyses concerning this Court's religious discrimination or accommodation jurisprudence. Indeed, the *only* principle derived from the majority opinion is that a "one-paragraph discussion of the [case dispositive] issue" is plainly insufficient to challenge a district court's grant of summary judgment. *See Palms v. Texas Children's Hosp., Inc.*, No. 24-20174, 2025 WL 2304451 (5th Cir. Aug. 11, 2025) (per curiam) (hereinafter, "Opinion" with page citation to the slip opinion, ECF No. 62-1). Palms' contention that the majority opinion states anything more is unfounded.

Contrary to Palms' assertion, the majority opinion does not conflict with *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024), or create a *de minimis* exception to religious discrimination. *See* Petition for Rehearing En Banc ("Pet.") at iv. *Muldrow* holds that a plaintiff need not show a "heightened threshold of harm" to make out a discrimination claim. *See Muldrow*, 601 U.S. at 353. Here, nothing in the majority opinion applies or develops the appropriate threshold that must be shown. Nor should it have given Palms' inadequate briefing.

Likewise, the majority opinion creates no conflict with this Court's decision in *Moussazadeh v. Texas Department of Criminal Justice*, 703 F.3d 781 (5th Cir.

2012). *See* Pet. at 11. *Moussazadeh* instructs that the sincerity of a religious belief "is generally presumed or easily established." 703 F.3d at 791. Even so, summary judgment is still appropriate if the "words and actions" of a claimant show their belief is insincere. *Id.* But none of that matters here because the majority opinion does not address the sincerity of Palms' beliefs or the relevance of an employee's past actions in evaluating whether her religious beliefs conflict with an employment requirement.

Finally, the majority did not consider the adequacy of Palms' request for accommodation or whether it provided sufficient information to explain the conflict between her religious beliefs and the flu vaccine requirement. As such, it does not undermine this Court's recent decisions in *Wright v. Honeywell International, Inc.*, No. 24-30667, 2025 WL 2218131 (5th Cir. Aug. 5, 2025), and *Sibley v. Touro LCMC Health*, No. 24-30189, 2024 WL 5118489 (5th Cir. Dec. 16, 2024).

The majority opinion hinges entirely on Palms' deficient briefing. It creates no tension whatsoever with either this Court's or the Supreme Court's precedent, much less raise a question of exceptional importance. Palms' petition does not—and cannot—refute the majority opinion's conclusion that her appeal briefing (1) failed to "address the district court's analysis or explain how it erred" in its summary judgment order; (2) failed to explain how "[Texas Children's Hospital]'s offered accommodation was unreasonable or explain[] why the district court could not

dismiss her claim on this ground"; and (3) failed to offer any "citations to caselaw or relevant legal authority to support her 'argument,' whatever it may be." Opinion at 2. Given these omissions, this case does not warrant en banc review.

## BACKGROUND

### I.     The Undisputed Facts.

The relevant facts are undisputed. While employed at Texas Children's Hospital ("TCH"), Palms voluntarily elected to receive the flu vaccine each year from 2000 to 2020, before TCH required it.[1] ROA.182. In 2022, TCH implemented a policy requiring employees to receive the flu vaccine. ROA.274–75, 290–91. Palms sought a religious accommodation exempting her from this requirement. ROA.179–80, 235. The accommodation request form asked employees who had previously received the flu vaccine to describe how and why their beliefs, practices, or observances may have changed. ROA.231.

Along with nonreligious reasons, Palms' request stated that she believes her "body is God's temple," she should not "inject vaccines into [her] body," and "[God] and He alone protects [her]." ROA.235. It is undisputed that Palms did not explain how her religious beliefs that had permitted her to voluntarily receive the flu vaccine for nearly two decades had changed. ROA.181–82, 862; *see* Opinion at 5 (Engelhardt, J., dissenting).

---

[1] TCH has no information about whether Palms received the flu vaccine in 2021, due to its lack of resources during the pandemic to track employees' flu vaccination status. ROA.271-72.

TCH credited Palms with holding sincere religious beliefs. Indeed, TCH recognized and granted Palms an exemption to the COVID-19 vaccine for her religious beliefs just a year earlier. Opinion at 5, 11 (Engelhardt, J., dissenting). But in the absence of Palms' explanation as to how her beliefs now precluded the very vaccine she had repeatedly received, it could not determine how, or whether, her beliefs actually conflicted with the flu vaccine. ROA.267–70. Accordingly, it denied the request on October 7, 2022, reminding Palms that the policy required her to submit proof of her flu vaccine by November 17, 2022. ROA.237.

More than five weeks later, in accordance with TCH's policy, Palms was suspended without pay, starting Thursday, November 17, 2022. ROA.188–89. The day before, rather than explain to TCH the change in her beliefs, Palms filed a complaint in federal court, attaching an affidavit. ROA.5, 12–14. There, she finally explained how her beliefs now conflicted with the flu vaccine requirement: "When God, during my prayers, focused my attention on Covid and the vaccines developed for it, he also made it clear to me during my prayers and my study of his Word that he did not want me to partake of any other vaccines for the very same deeply spiritual reasons." ROA.13. TCH considered the affidavit and, now understanding the conflict, granted Palms an exemption on November 21, 2022. ROA.276, 278–79, 321. Palms accepted the accommodation and returned to work on Tuesday, November 22, having missed two workdays while on suspension. ROA.190–93.

Palms continues her employment with TCH today.

## II.     The District Court's Decision.

TCH moved for summary judgment. ROA.98–505. TCH did not challenge the sincerity of Palms' religious beliefs.  ROA.120. It argued instead that (1) Palms had failed to explain to TCH her beliefs' conflict with the vaccine requirement, and (2) TCH had accommodated her beliefs once she provided that explanation. ROA.117–122. The district court granted summary judgment on both grounds. ROA.861–67.

First, the district court found that Palms did not inform TCH of how her religious beliefs conflicted with receiving a vaccine that she had voluntarily received for nearly two decades by explaining, as requested on TCH's accommodation form, any change in her beliefs or practices, leaving TCH unable to assess any conflict. ROA.865.  She therefore failed to establish a *prima facie* case of failure to accommodate. ROA.865–66.

Second, the district court held that TCH reasonably accommodated Palms. ROA.866. Once she provided TCH with enough information to assess her religious conflict, TCH invited her back to work after two unpaid workdays of administrative leave. *Id.* The court also found that, even if TCH had briefly delayed in granting the accommodation, such delay did not render the accommodation unreasonable under Title VII. *Id.*

### III.    The Panel's Decision.

On appeal, the panel affirmed, holding that Palms forfeited her Title VII failure-to-accommodate claim on appeal. Opinion at 2–3. Palms did not address how the district court erred in granting summary judgment where, the panel found, "it is undisputed that TCH granted Palms a religious accommodation, which she accepted." *Id.* at 2. Her appellate briefing did not argue that the accommodation provided was unreasonable, nor did it cite relevant legal authority. *Id.* As a result, the court concluded that she had forfeited any argument regarding the adequacy of the accommodation and affirmed the judgment. *Id.* at 2–3.

### IV.    The Dissenting Opinion.

Judge Engelhardt dissented from the panel's decision, arguing that the majority improperly applied the forfeiture doctrine. *See* Opinion at 4, 8, 10 (Engelhardt, J., dissenting). The key issue for Judge Engelhardt was TCH's failure to accommodate Palms' religious beliefs when she submitted her initial request. *Id.* at 7–10. According to the dissent, TCH's later accommodation did not cure that violation. *Id.* Judge Engelhardt further concluded that TCH improperly required Palms to explain how her beliefs had changed before granting her a flu vaccine exemption. *Id.* at 11–12. Finally, the dissent concluded that Palms' initial request was sufficient to inform TCH of her opposition to vaccines based on her religious beliefs. *Id.* at 13–14.

## ARGUMENT

**I.    The Panel Majority Correctly Concluded That Palms Forfeited Her Failure-To-Accommodate Claim.**

**A.    An appellant forfeits a claim by failing to discuss errors in the district court's reasoning or cite supporting legal authority.**

An appellant's failure to challenge the merits of the district court's opinion in her appellate briefing constitutes forfeiture. As the Fifth Circuit has long held, "[w]e will not raise and discuss legal issues that [the appellant] has failed to assert." *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal."); *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("any issues not briefed on appeal are waived").

This Court recently summarized parties' briefing requirements:

> Parties are required to provide meaningful analyses for each issue and present more than conclusory allusions as to their arguments for the issues to be properly raised on appeal. Merely stating cases without explaining how these cases constitute authority for their bare assertions is insufficient. Parties must do more than merely intimate the argument during the proceedings before the district court.

*Campbell v. Coppell Indep. Sch. Dist.*, No. 24-10318, 2025 WL 384410, at *1 (5th Cir. Feb. 4, 2025) (internal quotation marks and citations omitted, and internal alterations accepted); *see JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) ("To avoid waiver, a party must identify relevant legal

standards and 'any relevant Fifth Circuit cases.'").

The Federal Rules of Appellate Procedure likewise require an appellant's brief to cite the "appellant's contentions and the reasons for them," which must include "the authorities . . . on which the appellant relies." FED. R. APP. P. 28(a)(8)(A). In other words, the appellant must cite legal authority and apply the principles from such authority to the facts of her case. *See Dodson v. Nichols*, No. 23-30793, 2024 WL 4648157, at *2 (5th Cir. Nov. 1, 2024) (dismissing *pro se* complaint for failure to comply with same).

**B.    Palms' appeal brief presented no supporting legal authority or analysis of such authority and no explanation of error in the district court's reasoning.**

The Panel correctly concluded that Palms forfeited her Title VII claim by failing to adequately brief the district court's summary judgment finding that TCH provided a reasonable accommodation for Palms' religious beliefs by exempting her from the flu vaccination requirement—an accommodation that she accepted. ROA.866. Palms' appeal brief discussed this holding in a single, cursory paragraph, which, as the panel majority accurately found, "does not address the district court's analysis or explain how it erred," nor does it "state[] that TCH's offered accommodation was unreasonable or explain[] why the district court could not dismiss her claim on this ground." Opinion at 2; *see* Brief of Appellant at 22. Palms also cited no authority to support her position or justify reversal of the district court's

conclusion. Brief of Appellant at 22; *see* Opinion at 2.

An appellant forfeits an issue when their appeal brief "makes only conclusory arguments, with little to no legal support," "contains no legal citations other than a statement of the legal standards," "points to no specific issue they believe the district court got wrong," and "entirely fails to explain how any case constitutes authority for their contentions." *Campbell*, 2025 WL 384410, at *2. Palms' appeal brief commits every one of these flaws.[2] It did not offer a cogent legal argument that TCH's accommodation was unreasonable, cite relevant authority, or challenge the district court's reasoning. Any suggestion that TCH's accommodation was unreasonable due to its timing is, at best, implied and wholly undeveloped. Palms' briefing falls far short of the standard required to preserve an issue for appellate review.

Palms asks the full Court to excuse her deficient briefing, claiming that forfeiture does not apply "if the question is one of pure law and not answering it would be unjust." Pet. at 12 (citing *Rakhshandeh v. Texas Tech Univ.*, No. 23-10201, 2023 WL 5610163, at *4 n.1 (5th Cir. Aug. 30, 2023)). But application of this narrow exception is not appropriate here, as Palms, contending only that "the Title VII issue

---

[2] For the same reasons, TCH respectfully disagrees with the dissent's observation that majority's reasoning "seems more akin to mootness" than forfeiture. Opinion at 7 n.4 (Engelhardt, J., dissenting); Pet. at 11–12. The majority's opinion is unequivocal: its conclusion rests squarely on procedural forfeiture. And that conclusion is fully supported by a fair reading of Palms' opening brief.

[is] one of pure law," does not identify any dispositive legal question or apply any legal authorities to her arguments. Brief of Appellant at 22. The reasonableness of TCH's accommodation is not a pure legal question. *Rakhshandeh* is inapplicable.

The majority opinion correctly applied this Court's forfeiture doctrine and resolved the appeal on narrow procedural grounds without disturbing any established legal principle or creating uncertainty in the law. Palms' disagreement with the panel majority's application of forfeiture does not transform a routine procedural ruling into a matter of exceptional importance. En banc review is not warranted.

### C.    Palms' petition does not—and cannot—remedy her deficient briefing on appeal.

The dissent observes that "our task is the de novo review of the summary judgment record, so those pleadings too inform our understanding of the case." Opinion at 10. But courts respond only to arguments properly made by the parties. The Supreme Court has stated:

> [O]ur system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief. . . . [Courts] do not, or should not, sally forth each day looking for wrongs to right. They wait for cases to come to them, and when cases arise, courts normally decide only questions presented by the parties.

*United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020) (internal quotation marks and citations omitted and alterations accepted); *see United Nat. Foods, Inc. v.*

*NLRB*, 138 F.4th 937, 950 (5th Cir. 2025) ("it would be improper for us to cross the bench to counsel's table and litigate the case for it"); *Gonzalez v. CoreCivic, Inc.*, 986 F.3d 536, 541 (5th Cir. 2021) (Ho, J., concurring) (criticizing the dissent's attempt to reach unargued issues as "a marked departure from our established norms").

"'Judges are not like pigs, hunting for truffles buried in briefs.'" *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 n.8 (5th Cir. 2016) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Likewise, this "Court has no obligation to raise and analyze a party's position in the absence of that party's meaningfully briefing the point." *Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400, 408 (5th Cir. 2011). Yet a truffle hunt is precisely what Palms would have the full Court do. The panel's decision appropriately enforces procedural requirements, ensuring that only properly briefed issues receive appellate review.

## II.    The Petition and Dissent Raise the Specter of Conflicts That Simply Do Not Exist.

### A.    The majority opinion does not conflict with *Muldrow.*

The petition argues that the majority opinion conflicts with *Muldrow* by holding that religious discrimination for a brief duration is not actionable under Title VII. *See* Pet. at iv. It claims that the panel's decision "create[s] a de minimis exception to religious liberty" by upholding summary judgment "despite [TCH's] undeniable, or at least triable, religious discrimination for a limited period of time."

11

Pet. at 8, 10. Palms misrepresents the majority's narrow decision, which was limited to procedural forfeiture and did not address the merits of her claim. Notably, too, Palms did not cite *Muldrow* in its briefing before the panel.

In any event, *Muldrow* holds that "[a]lthough an employee must show some harm . . . to prevail in a Title VII suit, she need not show that the injury satisfies a significance test." *Muldrow*, 601 U.S. at 350. Here, because of Palms' inadequate briefing, the majority opinion had no reason to address *Muldrow*, its holding, or its application to Palms' appeal. The majority opinion rested entirely on forfeiture—it neither conflicts with *Muldrow* nor establishes a rule excepting short periods of discrimination from Title VII liability. En banc review is not warranted.

### B. The majority opinion did not discuss the relevance of an employee's past inconsistent actions, raising no conflict with *Moussazadeh*.

The district court found that Palms failed to establish a *prima facie* case because she did not respond to TCH's request for information explaining how her beliefs changed to conflict with the flu vaccine she had received for twenty years. ROA.865–66. The majority opinion did not address this basis for summary judgment because of Palms' inadequate briefing. Palms likewise does not challenge this aspect of the district court's ruling in her instant petition.

Judge Engelhardt, however, takes issue with the district court's conclusion, asserting that an employee need not explain any inconsistency between her past actions and her current religious beliefs. Opinion at 12 (Engelhardt, J., dissenting)

12

(citing *Moussazadeh*, 703 F.3d at 791). The dissent's concerns do not follow from the majority opinion, which did not evaluate the adequacy of Palms' accommodation request or the appropriateness of TCH's request for clarification.

Even so, *Moussazadeh* does not go as far as to excuse an employee from responding to an employer's request for clarification when an employee's past conduct suggests there may not be a genuine conflict between his sincere beliefs and the employment requirement at issue. Indeed, *Moussazadeh* confirms that "whether [a belief] is 'truly held'" remains a significant question and "words and actions" of a claimant can put their sincerity in doubt. 703 F.3d at 790–91. There, an inmate claimed that his religious beliefs required him to eat only kosher food. The sincerity of those beliefs was at issue—not whether they conflicted with prison policy, which was undisputed. This Court acknowledged that the district court "correctly look[ed] to his words and actions" to assess sincerity. *Id*. at 791. Other courts have similarly recognized that inconsistences between professed beliefs and conduct are relevant to evaluating sincerity. *See, e.g.*, *E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de P.R.*, 279 F.3d 49, 57 (1st Cir. 2002) ("Evidence tending to show that an employee acted in a manner inconsistent with his professed religious belief is, of course, relevant to the factfinder's evaluation of sincerity."); *Int'l Soc. for Krishna Consciousness, Inc. v. Barber*, 650 F.2d 430, 441 (2nd Cir. 1981) ("an adherent's belief would not be 'sincere' if he acts in a manner

inconsistent with that belief").

Consistent with *Moussazadeh*, TCH accepted that Palms held sincere religious beliefs but sought information to assess the stated conflict given her prior actions. Neither *Moussazadeh's* holding nor the reasoning behind it prohibit an employer from requesting additional information to understand the nature of an alleged conflict, including information related to past actions, or excuse an employee from responding.

*Moussazadeh* is not at jeopardy because of the panel majority's opinion. The majority opinion affirmed dismissal on forfeiture principles. Its opinion had nothing to do with Palms' religious accommodation request, TCH's response, or the issues involved in *Moussazadeh*. As such, it presents no precedential conflict or exceptional issue warranting en banc review.

**C.    The majority opinion neither questioned nor addressed the sincerity of Palms' religious beliefs.**

Palms' petition also argues that the district court erred in granting summary judgment due to a purported factual dispute regarding sincerity of her religious belief opposing vaccination. Pet. at 11; *see also* Opinion at 4 (Engelhardt, J., dissenting). ("[B]ecause the claim that her employer unduly questioned the sincerity of her religious beliefs has merit, I dissent"). Palms alleges the majority's ruling conflicts with this Court's precedent recognizing that "[s]incerity is generally presumed or easily established." *Id.* (quoting *Moussazadeh*, 703 F.3d at 791).

14

But sincerity was not at issue. TCH accepted Palms' religious beliefs as sincere and did not challenge them in its summary judgment motion. *See* ROA.120. The district court did not find that Palms failed to establish that her stated religious beliefs were sincere. Likewise, the majority opinion did not address the sincerity of her beliefs at all. It creates no conflict with any holding of this Court or the Supreme Court about questions of sincerity resolved on summary judgment. There is no basis for en banc review of an issue that was neither determined by the district court nor addressed in the majority opinion.

### D.    The majority opinion states no holding whatsoever regarding the adequacy of an accommodation request.

The majority opinion did not address whether Palms' initial request sufficiently notified TCH of a religious conflict. The dissent— but not the petition— contends that Palms' initial accommodation request was analogous to those in *Sibley* and *Wright*, where the Court found adequate notice of a religious conflict. *See Wright*, 2025 WL 2218131, at *3; *Sibley*, 2024 WL 5118489, at *4. But those cases are materially distinguishable.

In *Wright*, this Court held that an employee raised a fact issue as to whether he informed his employer of a bona fide religious belief (in addition to his political beliefs and personal preference) opposing the COVID-19 vaccine. Unlike Palms, Wright had no lengthy history of receiving the vaccine at issue, nor did his employer request clarification that went unanswered.

15

In *Sibley*, an employer denied an employee's first three requests for an exemption from the COVID-19 vaccine and suspended her, then granted her fourth more detailed request. The Fifth Circuit held that her third request survived a Rule 12(b)(6) dismissal challenge by sufficiently explaining her conflicting beliefs. Unlike Palms, she had not repeatedly engaged in prior actions inconsistent with her stated beliefs.

Palms, by contrast, sought an exemption from a vaccine she had voluntarily received for twenty years and declined to clarify the conflict when asked. TCH did not question the sincerity of her beliefs—it simply sought to understand the claimed conflict as *Moussazadeh* allows. Palms' objection to the flu vaccine, which for decades was considered a routine injection that rarely elicited religious objections, is not the equivalent of objections to the novel COVID-19 vaccine that prompted religious concerns among many who had never before expressed religious objections to vaccines. Conflating the religious beliefs regarding the COVID-19 vaccine with those regarding the flu vaccine overlooks the critical factual difference: Palms had a long history of receiving the flu vaccine and offered no explanation for any change in her beliefs. The district court's decision reflects that distinct context and is not inconsistent with *Wright* or *Sibley*.

Regardless, the panel's decision is limited to the narrow grounds of forfeiture and makes no holding on the adequacy of Palms' initial exemption request. It

therefore presents no conflict with *Wright* and *Sibley*, an issue raised by the dissent but forfeited in the petition. En banc review is not warranted.

## CONCLUSION

For the foregoing reasons, TCH respectfully requests that the Court deny Palms' request for en banc review.

Dated:    September 5, 2025                Respectfully submitted,

*/s/ Nehal Anand*
Nehal S. Anand
Texas Bar No. 24070600
nanand@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
Telephone:  713.951.9400
Facsimile:  713.951.9212

**ATTORNEY FOR APPELLEE**
**TEXAS CHILDREN'S HOSPITAL**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 5, 2025, a true and correct copy of the above and foregoing instrument was transmitted to the Clerk of the Court via CM/ECF and served on the following counsel of record via CM/ECF:

Jared R. Woodfill
WOODFILL LAW FIRM, P.C.
3 Riverway, Suite 750
Houston, Texas 77056
jwoodfill@woodfilllaw.com

Andrew L. Schlafly
939 Old Chester Rd
Far Hills, NJ 07931

***Counsel for Plaintiff-Appellant***

*/s/ Nehal S. Anand*
Nehal S. Anand

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Federal Rules of Appellate Procedure 32(a)(7) because it contains 3,897 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in 14-point Times New Roman font.

*/s/ Nehal S. Anand*
Nehal S. Anand